## The Inhabitants of HANSON *versus* The Inhabitants of PEMBROKE.

By *St.* 1819, *c.* 147, by which a part of the town of Pembroke was incorporated as a new town by the name of Hanson, it is enacted, that " the poor now supported by the town of Pembroke, and all such who may hereafter be returned for support in virtue of having acquired a settlement in said town, shall be supported in the town of Pembroke or Hanson, as they shall have acquired their settlement within the territorial limits of either town as described in this act." It was *held*, that this provision did not apply to a person not then a pauper, who had then acquired a settlement in the territory set off as the town of Pembroke, but whose dwelling-place was within the territory set off as the town of Hanson, but that such person, upon the incorporation of Hanson, acquired a settlement in that town by virtue of the general statute of 1793, *c.* 34.

ASSUMPSIT for the support of a female pauper. The question was, whether her settlement was in the town of Pembroke.

The plaintiff and defendant towns formerly constituted the town of Pembroke, and were made separate towns by *St.* 1819, *c.* 147, which contains this clause : — " The poor now supported by the town of Pembroke, and all such who may hereafter be returned for support in virtue of having acquired a settlement in said town, shall be supported in the town of Pembroke or Hanson, as they shall have acquired their settlement within the territorial limits of either town as described in this act." At the time of the enactment of this statute the pauper was a single woman, and dwelt and had her

Hanson
v.
Pembroke.

home in that part of Pembroke which is now Hanson, and she has continued to reside there, but has acquired no settlement there since that time. She had, at that time, acquired her settlement within the territorial limits of Pembroke as described in the statute.

Oct. 23d.

Eddy, for the plaintiffs, cited Dalton v. Hinsdale, 6 Mass R. 501 ; Princeton v. West Boylston, 15 Mass. R. 257 ; Bridgewater v. West Bridgewater, 9 Pick. 56.

Beal, for the defendants.

Oct. 24th.

Per Curiam. The words, " who may be hereafter returned," refer to persons having their settlement, but not their residence, in the town of Pembroke at the time of its division into these two towns. The present case therefore does not come within the clause recited from the statute of 1819, c. 147 ; but is embraced by the general provision in the statute of 1793, c. 34, the effect of which is, that when a new town shall be incorporated, composed of a part of an old town, all persons having a legal settlement in the original town, who shall actually dwell within the limits of the new town at the time of its incorporation, shall thereby gain a legal settlement in the new town.

*Plaintiffs nonsuit*